### No. C-1263

## The People of the State of Colorado v. Kenneth Alan Kagan
(575 P.2d 416)

Decided February 27, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General; Robert R. Gallagher, Jr., District Attorney, James C. Sell, Deputy, Steven S. Polidori, for petitioner.

Robert B. Keating, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The respondent was convicted in the county court of possessing for sale or selling malt liquors without a wholesaler's license.[1] On appeal the district court reversed the conviction, holding that the defendant was not required to have a Colorado wholesaler's license to engage in the conduct here involved. We granted certiorari to review the question, and now affirm the district court's judgment.

The respondent's father, an agent for a Washington, D. C. liquor distributor and wholesaler, furnished him funds with which he purchased 1,900 cases of Coors beer from licensed Colorado retailers. The respondent stored the beer in a warehouse in Arapahoe County until July 13, 1976, when he and his employees loaded it into a transport truck. Upon leaving the warehouse, the truck was stopped by Englewood police officers, who had been keeping the warehouse under surveillance. The respondent's testimony and a bill of lading produced by the driver indicated that the beer was to be shipped to New York for sale to a liquor distributor there.

The respondent stipulated at trial that he was not licensed to wholesale beer under the Colorado Liquor Code.[2] Thus the issue presented is whether such a license was required by the Liquor Code for the activity in question. We hold that it was not.

The statute under which the respondent was charged provides as follows:

"(1) It is unlawful for any person . . .

---

[1] Section 12-47-128(1)(g), C.R.S. 1973 (1976 Supp.); section 12-47-115(1)(b), C.R.S. 1973 (1976 Supp.).

[2] Section 12-47-101, *et seq.*, C.R.S. 1973 (1976 Supp.).

"(g) To manufacture, sell, or possess for sale any malt, vinous, or spirituous liquors *unless licensed to do so as provided by this article and unless all licenses required are in full force* and effect . . . ." Section 12-47-128(1)(g), C.R.S. 1973 (1976 Supp.) (emphasis added).

In this case, the respondent's conviction rested on his failure to have a wholesaler's beer license, as required by the following provisions of section 12-47-115(1)(b), C.R.S. 1973 (1976 Supp.):

"(b) A wholesaler's beer license shall be issued to persons selling malt liquors at wholesale who designate to the state licensing authority on their application the territory within which the licensee may sell the designated products of any brewer as agreed upon by the licensee and the brewer of such products for the following purposes only:

"(I) To maintain and operate warehouses and one salesroom *in this state* to handle malt liquors to be denominated a wholesale beer store;

"(II) To take orders for malt liquors *within the territory designated on the license application* and deliver malt liquors on orders previously taken to any *place within the designated geographical territory*, if the licensee has procured a wholesale beer license and the place where orders are taken and delivered is a place regularly licensed pursuant to the provisions of this article." (Emphasis added.)

The respondent contends, and the district court held, that the purchase of beer at *retail* stores for resale *outside Colorado* does not require a beer wholesaler's license, since that activity is not covered by section 12-47-115(1)(b), *supra*. We agree.

■ We note at the outset that the Colorado Constitution limits the extent to which the general assembly may regulate liquor traffic:

"[T]he manufacture, sale and distribution of all intoxicating liquors *wholly within the state of Colorado* shall . . . be performed exclusively by or through such agencies and under such regulations as may hereafter be provided by statutory laws of the state of Colorado." *Colo. Const.* Art. XXII (emphasis added).

In light of this constitutional limitation, we must conclude that the general assembly did not intend the Liquor Code to have extraterritorial effect. *Frontier Airlines, Inc. v. Department of Revenue*, 194 Colo. 230, 571 P.2d 1088 (1977). In this case, however, the relevant licensing provisions are by their own terms inapplicable to the purchase of beer at Colorado retail stores for resale outside the state. Therefore we do not address the question whether statutory regulation of such conduct would violate *Colo. Const.* Art. XXII, *supra*.

■ The general assembly has declared that "it is *lawful* to manufacture and sell for beverages or medicinal purposes malt, vinous, or spirituous liquors, *subject to* the terms, conditions, limitations and restrictions in [the Colorado Liquor Code]." Section 12-47-102(2), C.R.S. 1973 (1976 Supp.) (emphasis added). It follows that sales activities which are not

restricted, limited, or otherwise regulated by the Liquor Code are not illegal.

Similarly, section 12-47-128(1)(g), *supra*, makes it unlawful to sell or possess for sale malt liquors unless licensed *as provided by the Liquor Code*. In this case, since there is no provision specifically requiring a license for conduct of the type engaged in by the appellee, the appellee's conviction was properly reversed.

Specifically, the words of section 12-47-115(1)(b), *supra*, which deal with wholesalers' beer licenses, limit its applicability to deliveries of beer in geographic areas "as agreed upon by the licensee and the brewer" and to places "regularly licensed pursuant to the provisions of this article." Since the state of Colorado has no authority to license distributors outside the state, the statute must be construed to refer only to wholesale sales and deliveries within Colorado.

Moreover, it is relevant that the People have not contended that the respondent was attempting to avoid paying any necessary taxes or complying with other regulations. *Cf. Frontier Airlines, Inc. v. Department of Revenue, supra.* As far as the record indicates, all taxes had been paid, and the respondent was in the position of any retail beer purchaser. Regardless of any differences, the statute in question simply does not reflect an intention to regulate the conduct of persons, not associated with brewers, who purchase beer from *retail* stores for resale *outside Colorado.*

In sum, the respondent, by virtue of his actions, did not come within the class of persons required by the Liquor Code to possess a beer wholesaler's license; therefore he cannot be convicted for selling or possessing beer for sale without such a license.

Accordingly, the district court's judgment is affirmed.

MR. JUSTICE GROVES does not participate.